No. 25-3000
# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

CORNER POST, INC.,

*Plaintiff-Appellee,*

v.

BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM,

*Defendant-Appellant.*

On Appeal from the United States District Court for the District of North Dakota
No. 1:21-cv-00095-DMT-CRH

## APPELLANT BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM'S CONSENT MOTION TO HOLD CASE IN ABEYANCE

Appellant Board of Governors of the Federal Reserve System ("Board") requests that this Court hold this appeal in abeyance until the district court resolves the Board's pending Motion to Amend Judgment. *See* D. Ct. Doc. 81, 82. Because appellate jurisdiction is lacking until the Motion to Amend is resolved, the Board also requests that the existing Appeal Briefing Schedule Order be withdrawn and reissued upon completion of the district court proceedings. Undersigned counsel has

conferred with counsel for Appellee Corner Post, Inc. ("Corner Post"), which does not oppose the relief sought in this motion.

In support of its motion, the Board states as follows:

1. The pending case sought to challenge the validity of the interchange fee standards established by the Board in Regulation II (12 C.F.R. § 235.3(b)). *See* D. Ct. Doc. 19 at 37 (Amended Complaint, Prayer for Relief).

2. In moving for summary judgment, Corner Post explained that the relief it sought was for the court to "hold unlawful the debit-card *fee standard*" of Regulation II (12 C.F.R. § 235.3(b)), and to "'set aside' the debit-card *fee standard*." D. Ct. Doc. 50 at 1 (emphasis added). Corner Post did not challenge the entirety of Regulation II, which implements several statutory provisions in addition to the interchange fee standard. *See* D. Ct. Doc. 82 at 2. Following briefing from the parties that focused solely on the validity of Regulation II's interchange fee standards in 12 C.F.R. § 235.3(b), the district court granted Corner Post's summary judgment motion, D. Ct. Doc. 79. The district court's ruling recognized that Corner Post "request[ed] the Court vacate Regulation II's *fee standard*," *id.* at 14

2

(emphasis added), and its opinion focused solely on the validity of the interchange fee standards in 12 C.F.R. § 235.3(b). *Id* at 14-43.

3. Nonetheless, the relief the district court granted after holding the interchange fee standards invalid was to "vacate Regulation II, 76 Fed. Reg. 43,394 (July 20, 2011)," rather than vacating just the interchange fee standards in 12 C.F.R. § 235.3(b), *id.* at 44, which relief is substantially broader in scope than the relief sought by Corner Post.

4. The Board has therefore moved the district court pursuant to Federal Rule of Civil Procedure 59(e) for an order amending the court's judgment to clarify that only the debit card interchange fee standards of Regulation II, 12 C.F.R. § 235.3(b), are vacated (subject to stay pending the resolution of the appeal pending before this Court). D. Ct. Doc. 81, 82. Corner Post did not oppose the Board's Rule 59(e) motion, *see* D. Ct. Doc. 85, and, as of the filing of this motion, the district court had not yet ruled on the Board's Rule 59(e) motion.

5. As the Board stated in its Notice of Appeal, D. Ct. Doc. 83, "[p]ursuant to Federal Rule of Appellate Procedure 4(a)(B)(i), this Notice will become effective upon the Court's disposal of the Board's Motion to

3

Amend Judgment (ECF 81), subject to any amended notice pursuant to Rule 4(a)(4)(B)(ii)." Under Rule 4(a)(4)(B)(i), "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." That is the circumstance here. Because the district court has not yet issued an order disposing of the Board's pending Motion to Amend Judgment, this Court lacks jurisdiction at this time pending the district court's ruling. *See Miles v. GMC*, 262 F.3d 720, 722 (8th Cir. 2001) ("notice of appeal is treated as merely dormant until the date the postjudgment motion is decided," which is the point at which the court of appeals "gain[s] jurisdiction"); *see also Smith v. Missouri*, 804 F.3d 919, 920 (8th Cir. 2015) (per curiam) ("[b]ecause [appellant's] NOA will not become effective until after the District Court has ruled on his request for Rule 60(b) relief, we lack jurisdiction over the appeal at this time").

6. Additionally, this Court has the "inherent" authority to "control the disposition of the causes on its docket with economy of time and effort for

4

itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Judicial economy favors holding this appeal in abeyance pending the district court's resolution of the Board's pending Rule 59(e) motion in order for the district court to clarify the scope of its decision. *See Ward v. Norris*, 577 F.3d 925, 931 (8th Cir. 2009) (noting this Court stayed the briefing schedule and held appeal in abeyance pending resolution of district court motions, including motion to alter or amend judgment).

For these reasons, the Board respectfully requests that the Court grant its consent motion, hold this appeal in abeyance pending the district court's resolution of the pending Motion to Amend Judgment, and issue a new Appeal Briefing Schedule Order upon completion of the proceedings in the district court and any amended notice of appeal pursuant to Rule 4(a)(4)(B)(ii).

Dated: October 22, 2025                  Respectfully submitted,

/s/ *Joshua P. Chadwick*
Joshua P. Chadwick
Assistant General Counsel
Yvonne F. Mizusawa
Yonatan Gelblum
Monika Moore
Senior Counsels
Board of Governors of the
   Federal Reserve System
20th Street and Constitution Avenue, N.W.
Washington, D.C. 20551
joshua.p.chadwick@frb.gov
(202) 263-4835

Attorneys for the Board of Governors of the Federal Reserve System

# CERTIFICATE OF SERVICE

I filed a true and correct copy of the foregoing document with the Clerk of this Court via the CM/ECF system, which will notify all counsel.

Dated: October 22, 2025                                         /s/ Joshua P. Chadwick

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 901 words when excluding the items in Federal Rule of Appellate Procedure 32(f), according to the count of Microsoft Word. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it was prepared in Times New Roman 14-point font, a proportionally spaced typeface.

/s/ *Joshua P. Chadwick*

8

Appellate Case: 25-3000   Page: 8   Date Filed: 10/22/2025 Entry ID: 5570516