# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

CORNER POST, INC.,

*Plaintiff-Appellee*,

v.

BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM,

*Defendant-Appellant*.

On Appeal from the United States District Court for
North Dakota, No. 1:21-cv-00095 (Traynor, J.)

## MOTION TO STRIKE

Appellant Corner Post, Inc., respectfully moves to strike the brief filed by the proposed intervenors (the Banking Associations) on December 19, 2025. This Court has not granted the pending motion to intervene. The Banking Associations are thus not parties to this appeal, so their brief is unauthorized and should be stricken.

Proposed intervenors have "no standing to ... appear as a party" when "the motion to intervene has not yet been granted," and therefore they lack authority to file briefs in this Court. *Toronto-Dominion Bank v. Cent. Nat. Bank & Tr. Co.*, 753 F.2d 66, 68 (8th Cir. 1985). The Banking Associations are not parties to this case and have not been granted intervention by this Court. Their participation in this case as anything other than amici has not been authorized by any order of this Court, nor by the Federal Rules

1

of Appellate Procedure or this Court's local rules. The Banking Associations nevertheless filed a full merits brief as if they were parties, in what is nothing more than an attempt to circumvent both this Court's inherent control over intervention and the Court's management of its own docket.

This Court should strike the unauthorized brief, because permitting it to remain on the docket effectively grants the Banking Associations partial-party status despite no ruling on intervention. Striking the brief will prevent the Banking Associations from further circumventing this Court's rules. Striking the brief will also prevent prejudice to Corner Post, who must otherwise guess at whether and how it should respond to unauthorized non-parties.

As Corner Post argued in its opposition to intervention, the Banking Associations' attempt to intervene is pure procedural gamesmanship that seeks to skirt this Court's normal appellate rules and procedure. *See* Opp. to Intervention, at 6-9. This attempt to file an unauthorized merits brief—without waiting for the Court's ruling on intervention—is further abuse of appellate procedure and simply confirms Corner Post's point. Corner Post has no objection to the Banking Associations presenting their arguments as amici, as they did below. But they are not parties and have no right to file a proposed intervenors' brief in this appeal.

Corner Post therefore requests that the Court strike the unauthorized merits brief filed by the proposed intervenors from the docket of this appeal.

2

Dated: December 22, 2025	Respectfully submitted,

	/s/ Tyler R. Green
Scott K. Porsborg	Tyler R. Green
SMITH PORSBORG SCHWEIGERT	CONSOVOY MCCARTHY PLLC
ARMSTRONG MOLDENHAUER & SMITH	222 S. Main St., 5th Fl.
122 East Broadway	Salt Lake City, UT 84101
Bismarck, ND 58502	(703) 243-9423
(701) 258-0630	tyler@consovoymccarthy.com
sporsborg@smithporsborg.com	
	Bryan Weir
	Frank H. Chang
	Cody Ray Milner
	CONSOVOY MCCARTHY PLLC
	1600 Wilson Blvd., Ste. 700
	Arlington, VA 22201
	bryan@consovoymccarthy.com
	frank@consovoymccarthy.com
	cody@consovoymccarthy.com

3

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the portions of the document that are exempted by rule, this document contains 377 words. I further certify that this document complies with the typeface and type-style requires of Fed. R. App. P. 32(a)(5) & (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word and 14-point Garamond font.

Dated: December 22, 2025          */s/ Tyler R. Green*
                                                    Tyler R. Green

## CERTIFICATE OF SERVICE

I filed a true and correct copy of the foregoing document with the Clerk of the Court via the CM/ECF system, which will notify all counsel.

Dated: December 22, 2025          */s/ Tyler R. Green*
                                                    Tyler R. Green