No. 25-3000

# In the United States Court of Appeals for the Eighth Circuit

CORNER POST, INC.,
*Plaintiff-Appellee*,

v.

BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM,
*Defendant-Appellant,*

and

BANK POLICY INSTITUTE and THE CLEARING HOUSE ASSOCIATION L.L.C.,
*Proposed Intervenor-Appellants.*

On Appeal from the United States District Court
for the District of North Dakota
(No. 1:21-cv-00095) (The Hon. Daniel M. Traynor)

**PROPOSED INTERVENOR-APPELLANTS' RESPONSE TO APPELLEE'S MOTION TO STRIKE**

JEFFREY B. WALL
JUDSON O. LITTLETON
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Washington, DC 20006
Telephone: (202) 956-7500

*Counsel for Proposed Intervenor-Appellants Bank Policy Institute and The Clearing House Association L.L.C.*

Corner Post has moved to strike the merits brief submitted by proposed intervenor-appellants Bank Policy Institute and The Clearing House Association L.L.C. (the Associations). As explained below, this Court should hold that motion and deny it as moot once it rules on the Associations' pending motion to intervene.

1. The Associations moved to intervene in this appeal on November 13, 2025. Briefing on that motion concluded on December 1.

2. On December 5, the Board filed a consent motion for an extension of the briefing schedule to allow this Court to rule on intervention before the December 12 deadline for opening briefs. As reflected in that motion, the Associations and the Board proposed that the Court defer the merits briefing schedule until after its ruling on intervention, in order to avoid any issue with the briefing deadline and to prevent unnecessary or duplicative filings. That is the approach that has since been taken by the Sixth Circuit in the parallel appeal involving a challenge to Regulation II. *See Linney's Pizza, LLC* v. *Bd. of Governors of Fed. Rsrv. Sys.*, No. 25-6038 (6th Cir.) (Dec. 15, 2025) (holding the briefing schedule in abeyance pending adjudication of the

1

Associations' motion to intervene). Corner Post, however, opposed that approach here, and it would only agree to a one-week extension of the deadline from December 12 to December 19. *See* Motion for Extension ¶ 5 & n.1. This Court granted the one-week extension.

3. Faced with the December 19 deadline for opening briefs, the Associations filed their merits brief as proposed intervenor-appellants on that deadline. As explained in their brief (at 1 n.1), the Associations did so to avoid delaying this appeal and prejudicing Corner Post in the event intervention is granted. Contrary to Corner Post's suggestion, the Associations' filing of their brief in these circumstances does not amount to asserting "standing to . . . appear as a party" while their motion is pending, but simply ensures that Corner Post has the benefit of reviewing the Associations' arguments as it prepares its response brief. *See Toronto-Dominion Bank* v. *Cent. Nat'l Bank & Tr. Co.*, 753 F.2d 66, 68 (6th Cir. 1985) (third party lacked standing to file appellate brief when district court reserved decision on intervention).

4. This Court's ruling on the Associations' pending motion to intervene will moot Corner Post's motion to strike. If intervention is

granted, the case can proceed on the current schedule and Corner Post will have had the full time to prepare its response brief with the benefit of everyone's views. If intervention is denied, the Associations will withdraw the brief and file an amicus brief.

5. Comparing the Board's and the Associations' merits briefs confirms that their arguments are different in important ways. *Compare* Board Br. 25 (arguing that Durbin Amendment delegated "substantial discretion" to the Board to include transaction-specific non-ACS costs), *with* Associations Br. 26 (statute requires consideration of these costs). Yet the Associations' distinct arguments were not considered below because they were denied intervention. This Court should grant intervention and consider the full range of arguments to determine the "best reading" of the Durbin Amendment. *See Loper Bright Enters.* v. *Raimondo*, 603 U.S. 369, 400-401 (2024).

Dated: December 23, 2025

/s/ *Jeffrey B. Wall*

JEFFREY B. WALL
JUDSON O. LITTLETON
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Washington, DC 20006
Telephone: (202) 956-7500

*Counsel for Proposed Intervenor-Appellants Bank Policy Institute and The Clearing House Association L.L.C.*

4

# CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 531 words. The document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point CenturyExpd BT font.

Dated: December 23, 2025        /s/ *Jeffrey B. Wall*
                                JEFFREY B. WALL

                                *Counsel for Proposed Intervenor-Appellants Bank Policy Institute and The Clearing House Association L.L.C.*

Appellate Case: 25-3000    Page: 6    Date Filed: 12/23/2025 Entry ID: 5591077

# CERTIFICATE OF SERVICE

I certify that on December 23, 2025, the foregoing was electronically filed with the Court via the Court's appellate CM/ECF system, and a copy of the same was automatically served on all parties registered with the CM/ECF system on the same date.

Dated: December 23, 2025  /s/ *Jeffrey B. Wall*
JEFFREY B. WALL

*Counsel for Proposed Intervenor-Appellants Bank Policy Institute and The Clearing House Association L.L.C.*