# No. 25-3000

IN THE U.S. COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

---

CORNER POST, INC.,

*PLAINTIFF-APPELLEE*,

V.

BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM,

*DEFENDANT-APPELLANTS*.

---

*Appeal from the U.S. District Court
for the District of North Dakota*

Case No. 1:21-cv-00095-DMT-CRH
Hon. Daniel M. Traynor

---

**MOTION TO FILE AMICUS BRIEF OF THE
CENTER FOR AMERICAN RIGHTS, ET AL.**

---

Daniel R. Suhr
Center for American Rights
1341 W. Fullerton Ave.,
Suite 170
Chicago, IL 60614
414.588.1658
dsuhr@americanrights.org

December 23, 2025

Pursuant to Federal Rule of Appellate Procedure 29 and Circuit Rule 29A, the Center for American Rights on behalf of itself, Americans for Limited Government, Americans for Liberty and Security, and Frontiers of Freedom, respectfully moves the Court to file the attached brief as an amicus supporting reversal and appellee the Federal Reserve.

1. This Court appreciates a "concise and helpful brief" from an amicus. *Norman v. Moseley*, 313 F.2d 544, 547 (8th Cir. 1963). This Court frequently permits amicus participation in its cases, especially those with more pronounced public interest. Recent examples include *Morehouse Enters., LLC v. BATFE*, 2025 U.S. App. LEXIS 32388, *2 (8th Cir. Dec. 11, 2025) (amicus brief of gun control advocacy groups in Bureau of Alcohol, Tobacco, Firearms, and Explosives policy challenge); *Home Depot U.S.A., Inc. v. NLRB*, 2025 U.S. App. LEXIS 29091, *2 (8th Cir. Nov. 5, 2025) (permitting U.S. Chamber of Commerce, AFL-CIO, and other groups as amicus in National Labor Relations Board case).

2. "[A] true friend of the court will seek to add value to our evaluation of the issues presented on appeal." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (Scudder, J., in chambers). An amicus may accomplish that goal by "[o]ffering a different analytical approach to the legal issues before the court [or] [h]ighlighting factual, historical, or legal nuance glossed over by the parties." *Id*.

3. In this instance, the Center for American Rights is a nonprofit, nonpartisan public-interest law firm with a consistent interest in questions of agency power. It frequently litigates or participates as amicus in cases regarding the right relationship between Congress and agencies, including issues of delegation and the major questions doctrine. *See, e.g., Nat. Horsemen's Benevolent & Protective Assoc. v. Black*, 53 F.4th 869 (5th Cir. 2022) and 107 F.4th 415 (5th Cir. 2024) (Center represents challengers on private nondelegation doctrine case); *BST Holdings, L.L.C. v. OSHA*, 17 F.4th 604 (5th Cir. 2021) (Center president Daniel Suhr represented challengers to overbroad interpretation of agency powers on a major question, namely the OSHA vaccine mandate); *Rahman v. Centers for Disease Control & Prevention*, 1:21-cv-04299, (N.D. Ill.) (same, as to CDC eviction moratorium). Suhr's amicus briefs have twice been cited by the

U.S. Supreme Court. *Espinoza v. Mont. Dep't of Revenue*, 591 U.S. 464, 498 (2020) (Alito, J., concurring); *Brnovich v. Democratic Nat'l Comm.*, 594 U.S. 647, 660 n.6 (2021).

4. Here, the Center has drafted an amicus brief that addresses important issues in the case from a texualist legal framework. Though the parties and district court touch on these issues briefly, the Center's brief provides a focus on certain points of "legal nuance" that the parties did not address in detail. The Center's aim is for a brief that is "helpful and concise"—it addresses three issues, has one main point on each of those issues, and then recommends reversal.

6. The Center as counsel represents three other well-regarded advocacy and research organizations: Americans for Limited Government, Americans for Liberty and Security, and Frontiers of Freedom. *See Tex. Top Cop Shop, Inc. v. Bondi*, 2025 U.S. App. LEXIS 23492 (5th Cir. Aug. 25, 2025) (ALG as amicus); *Doe v. United States*, 833 F.3d 192, 194 (2d Cir. 2016) (Frontiers of Freedom as amicus).

7. The Center's brief is timely. Given the Court's extension for the Federal Reserve's opening brief to 12/19/25, amicus briefs are not due until

12/26/25. However, given the holidays, counsel are filing the brief and motion ahead of time.

8. The Center has secured consent from counsel for the Federal Reserve, Corner Post, and the Proposed Intervenors.

9. The Center respectfully requests that the Court grant the motion and file the attached brief.

Respectfully submitted,

/s/ Daniel R. Suhr
Daniel R. Suhr
Center for American Rights
1341 W. Fullerton Ave. Suite 170
Chicago, Illinois 60614
414.588.1658
dsuhr@americanrights.org

December 23, 2025