No. 25-3000

# In the United States Court of Appeals for the Eighth Circuit

CORNER POST, INC.,
*Plaintiff-Appellee,*

v.

BOARD OF GOVERNORS OF THE FEDERAL
RESERVE SYSTEM,
*Defendant-Appellant.*

On Appeal from the United States District Court
for the District of North Dakota
(No. 1:21-cv-00095) (The Hon. Daniel M. Traynor)

## MOTION OF AMICI CURIAE BANK POLICY INSTITUTE AND THE CLEARING HOUSE ASSOCIATION L.L.C. FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT

JEFFREY B. WALL
JUDSON O. LITTLETON
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Washington, DC 20006
Telephone: (202) 956-7500

*Counsel for Bank Policy Institute
and The Clearing House
Association L.L.C.*

Amici Curiae Bank Policy Institute and The Clearing House Association L.L.C. move under Rule 29(a)(8) of the Federal Rules of Appellate Procedure for leave to participate in oral argument in this case. In support of this motion, the Associations state:

1.    This appeal concerns a challenge to a regulation issued by the Federal Reserve Board, Regulation II, that imposes a cap on the fees that debit-card issuing banks may receive for the valuable services they provide in processing electronic debit-card transactions for millions of Americans every year. The Associations represent a significant coalition of major nationwide banks that process debit transactions and thus are subject to these fee caps. Although the Associations' members are the entities directly regulated by Regulation II, neither party to this litigation represents those banks' interests.

2.    Corner Post contends that Regulation II is unlawful, while the Board maintains that it acted within its discretion in adopting that rule. The dispute principally turns on the correct interpretation of the Durbin Amendment, 15 U.S.C. § 1693*o*-2, which authorizes the Board to "prescribe regulations" governing the interchange-transaction fee

issuers may charge with respect to an electronic-debit transaction. The statute requires the Board to craft an interchange-fee cap that is "reasonable and proportional to the cost incurred by the issuer with respect to the transaction." *Id.* In Regulation II, the Board interpreted the statute to give the Board discretion to include certain transaction-specific "cost[s]" in its calculation of the fee cap and to exclude others. But in the decision below, the district court agreed with Corner Post's argument that the statute prohibits the Board from considering several categories of transaction-related costs that Regulation II took into account. The district court held that Regulation II was invalid on that basis.

3. The Board has rightly appealed that decision. But while the Associations agree with the Board that the district court's decision should be reversed, the Associations have advanced a different interpretation of the Durbin Amendment than the Board or Corner Post. In particular, as the Associations explain in their amicus brief (at 4-5), Section 1693*o*-2's overarching mandate requires the Board to consider *all* transaction-specific costs when calculating the fee cap.

2

Appellate Case: 25-3000     Page: 3     Date Filed: 04/06/2026 Entry ID: 5625807

Corner Post, by contrast, argues that the statute prohibits consideration of any costs that are not "incremental" costs associated with the authorization, clearance, or settlement (ACS) of electronic-debit transactions. And the Board, sitting in the middle, argues that the statute gives it discretion to decide which transaction-specific non-ACS costs it will consider when calculating the fee cap.

4. While the Board's interpretation is closer to the statute's meaning than Corner Post's reading—and would correctly require reversal of the district court's decision—it does not reflect the "best reading" of the statute. *See Loper Bright Enters.* v. *Raimondo*, 603 U.S. 369, 400 (2024). And as a practical matter, the result of the Board's approach is to cap interchange fees at a level below the costs many of the Associations' members incur when effectuating electronic-debit transactions. Unless the Associations are granted leave to participate in oral argument, however, no party will advance the Associations' statutory interpretation or defend their interests at argument.

5. In light of their distinct arguments and interests, the Associations moved to intervene in the district court. Corner Post

3

opposed the Associations' intervention, arguing that the Associations could adequately make their arguments and protect their interests through amicus participation. The district court denied the Associations' motion to intervene but allowed the Associations to participate in oral argument at the summary-judgment hearing in their capacity as amici curiae.

6. Although this Court has similarly denied the Associations' motion to intervene in this appeal, it should also allow the Associations to participate in oral argument as amici. Doing so will ensure that the Court can fully consider the Associations' distinct interpretation of the critical statutory provisions at issue, consistent with the Supreme Court's admonition that courts "use every tool at their disposal to determine the best reading of the statute" in cases like this one. *Loper Bright*, 603 U.S. at 400.

7. For these reasons, the Associations respectfully request that they be granted leave to participate in oral argument. The Associations request that they be allotted 10 minutes of argument time in addition to the 20 minutes the Board requested. The Court could then

4

give Corner Post an equivalent total time of 30 minutes of argument in support of affirmance.  *See* 8th Cir. R. 34A(b) ("Extended argument of 30 minutes or more per side occasionally will be allotted.").

8.    The Board takes no position on this motion.  Corner Post opposes.

Dated: April 6, 2026                    Respectfully submitted,

/s/ *Jeffrey B. Wall*
JEFFREY B. WALL
JUDSON O. LITTLETON
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Washington, DC 20006
Telephone: (202) 956-7500

*Counsel for Bank Policy Institute and The Clearing House Association L.L.C.*

Appellate Case: 25-3000    Page: 6    Date Filed: 04/06/2026 Entry ID: 5625807

# CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 760 words. The document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point CenturyExpd BT font.

Dated: April 6, 2026

/s/ *Jeffrey B. Wall*

JEFFREY B. WALL

*Counsel for Bank Policy Institute and The Clearing House Association L.L.C.*

6

Appellate Case: 25-3000     Page: 7     Date Filed: 04/06/2026 Entry ID: 5625807

# CERTIFICATE OF SERVICE

I certify that on April 6, 2026, the foregoing was electronically filed with the Court via the Court's appellate CM/ECF system, and a copy of the same was automatically served on all parties registered with the CM/ECF system on the same date.

Dated: April 6, 2026

/s/ *Jeffrey B. Wall*

JEFFREY B. WALL

*Counsel for Bank Policy Institute and The Clearing House Association L.L.C.*

7

Appellate Case: 25-3000    Page: 8    Date Filed: 04/06/2026 Entry ID: 5625807