# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

CORNER POST, INC.,

*Plaintiff-Appellee*,

v.

BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM,

*Defendant-Appellant.*

On Appeal from the United States District Court for
North Dakota, No. 1:21-cv-00095 (Traynor, J.)

## APPELLEE CORNER POST'S OPPOSITION TO MOTION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT BY AMICI CURIAE BANK POLICY INSTITUTE AND THE CLEARING HOUSE ASSOCIATION

Appellee Corner Post, Inc. respectfully files this brief in opposition to the Bank Policy Institute and the Clearing House Association's motion for leave to participate in oral argument as amici curiae. These amici have identified no extraordinary circumstances that would make participation in oral argument appropriate. Nor have they presented any relevant arguments that are not simply duplicative of the arguments presented by Appellant Board of Governors.

1. This case lacks any "extraordinary reasons" that would justify permitting amici to participate in oral argument. Granting a non-party permission to participate in an appeal as amicus curiae is "a matter of judicial grace" and is appropriate only in

1

limited circumstances. *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000). In accordance with Rule 29(a)(8) of the Federal Rules of Appellate Procedure, "[a]n amicus curiae may participate in oral argument only with the court's permission." Before 2010, that rule also required the amicus to point to some "extraordinary reasons" justifying its participation in oral argument. The removal of that language did not eliminate the general understanding that amici may argue only when there are "extraordinary reasons." The current Advisory Committee Notes to Rule 29 clarify that the "extraordinary reasons" language was removed "to reflect more accurately the current practice ... when a party is willing to share its argument time with the amicus." *See* FRAP 29, committee note to 2010 amendment. This change was "*not* intend[ed], however, to suggest that in other instances an amicus will be permitted to argue absent extraordinary circumstances." *See id.* (emphasis added).

No party in this appeal is "willing to share its argument time with the amicus." *See id.*; *see also* Amici Mot. at 5 ("The Board takes no position on this motion. Corner Post opposes."). And these amici have not identified any extraordinary reasons that justify their appearance at oral argument. For example, this is not a case where a party confessed error and declined to prosecute or defend an appeal, *see United States v. Providence J. Co.*, 485 U.S. 693, 704 (1998), or where an amicus steps in for an unsophisticated pro se litigant, *see Bowie v. Maddox*, 642 F.3d 1122, 1135 n.6 (D.C. Cir. 2011).

Appellate Case: 25-3000     Page: 2     Date Filed: 04/13/2026 Entry ID: 5628358

2.      All of amici's material arguments are duplicative of the Board's arguments. And their only distinct arguments are irrelevant to this appeal.

Amici claim that they wish to present "distinct arguments" and "distinct interpretation of the critical statutory provisions at issue" that will "advance a different interpretation of the Durbin Amendment." BPI/CHA Mot. at 2-3. But at every material turn, amici and the Board adopt the same position. Both amici and the Board argue that the district court should be reversed and that Regulation II should not be vacated. *Compare* Board-Br. at i; *with* BPI/CHA-Br. at 4-5. Both "agree ... that the statute does not *prohibit* the consideration of [the] costs" described in 15 U.S.C. §1693*o*-2(a)(4)(B)(ii). *See* BPI/CHA-Br. at 4. Both make the same arguments about supposed statutory surplusage, *compare* Board-Br. at 27-28; *with* BPI/CHA-Br. at 19, and the same arguments about descriptive and restrictive clauses, *compare* Board-Br. at 35-37; *with* BPI/CHA-Br. at 18-19. Both argue that the four specific costs identified by Corner Post were properly included in the interchange fee standard. *Compare* Board-Br. at 40; *with* BPI/CHA-Br. at 22. And both argue that the Durbin Amendment does not require issuer-specific and transaction-specific interchange fee standards. *Compare* Board-Br. at 54; *with* BPI/CHA-Br. at 32.

Amici do present one distinct argument—that the Board set the interchange fee standard in Regulation II *too low*. They argue that the Durbin Amendment "*requires*" the Board to set an interchange-fee standard at a level that will "ensure that businesses can recoup their costs and obtain a reasonable return" for the issuers,

3

and that Regulation II's failure to do so creates "constitutional concerns" under the Takings Clause. BPI/CHA-Br. at 2, 4, 10. But the implication of this argument is that amici *also* believe the Board's reading is wrong, and that the debit-fee standard should be vacated and replaced with something *higher*. Amici are free to bring their own challenge against Regulation II if they wish to pursue that outcome, but such an argument is irrelevant to the arguments presented in this appeal.

Amici also claim that their participation is necessary because they have distinct financial "interests." But they cite no authority supporting the view that financial interests qualify as "extraordinary reasons" justifying the passingly rare step of presenting oral argument alongside the real party-in-interest. Nor have amici explained why their financial interests differ from the financial interests of every other amicus curiae that filed a brief in this case.

*

Amici have identified no extraordinary reasons justifying such unusual participation at oral argument. No party to this appeal has agreed to share part of its time with amici. And all arguments presented by amici are duplicative or irrelevant. Corner Post therefore respectfully requests that the Court deny the motion for leave to participate in oral argument.

4

Dated: April 13, 2026

Respectfully submitted,

Scott K. Porsborg
SMITH PORSBORG SCHWEIGERT
ARMSTRONG MOLDENHAUER & SMITH
122 East Broadway
Bismarck, ND 58502
(701) 258-0630
sporsborg@smithporsborg.com

*/s/ Tyler R. Green*
Tyler R. Green
CONSOVOY MCCARTHY PLLC
222 S. Main St., 5th Fl.
Salt Lake City, UT 84101
(703) 243-9423
tyler@consovoymccarthy.com

Bryan Weir
Frank H. Chang
Cody Ray Milner
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22201
bryan@consovoymccarthy.com
frank@consovoymccarthy.com
cody@consovoymccarthy.com

5

# CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the word limit of FRAP 27(d)(2)(A) because, excluding the portions of the document that are exempted by rule, this document contains 828 words. I further certify that this document complies with the typeface and type-style requires of FRAP 32(a)(5) & (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word and 14-point Garamond font.

Dated: April 13, 2026

*/s/ Tyler R. Green*
Tyler R. Green

# CERTIFICATE OF SERVICE

I filed a true and correct copy of the foregoing document with the Clerk of the Court via the CM/ECF system, which will notify all counsel.

Dated: April 13, 2026

*/s/ Tyler R. Green*
Tyler R. Green

Appellate Case: 25-3000    Page: 6    Date Filed: 04/13/2026 Entry ID: 5628358